

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 12, 1994

Honorable Bill Ratliff
Chair
Education Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-312

Re:  Whether a homestead exemption under section 11.13(n) of the Tax Code may be adopted by public election pursuant to voter petition in the taxing unit   (RQ-693)

Dear Representative Ratliff:

You ask whether "subsection (n) of section 11.13 of the Texas [Tax] Code require[s] that a governing body of a taxing unit call an election upon the petition of at least 20 percent of the qualified voters who voted in the taxing unit's last election." Section 11.13 provides for various homestead exemptions from property taxation.

Subsection (n) as first added in 1983 provided for an additional homestead exemption under section 11.13. The exemption was to be adopted by the governing body of a taxing unit. There was no provision for a public election on the issue or for a petition therefor. Subsection (n), as added in 1983, read in pertinent part as follows:

> In addition to any other exemptions provided by the section, an individual is entitled to an exemption from taxation by a taxing unit of a percentage of the appraised value of his residence homestead if the exemption is adopted by the governing body of the taxing unit .... If the percentage set by the taxing unit produces an exemption in a tax year of less than $5,000 when applied to a particular residence homestead, the individual is entitled to an exemption of $5,000 of the appraised value.

Acts 1983, 68th Leg., ch. 851, § 6, at 4822. The subsection also limited the percentage of appraised value of homesteads that could be exempted by the governing body of a taxing unit.

In a 1991 amendment, in the same bill that created the county education district ("CED") scheme of school finance, the legislature added provisions under subsection (n) of Tax Code section 11.13 for homestead exemptions with regard to CEDs specifically. The amendment added the language "other than a county education district" after "taxing unit" in the first sentence of the pre-existing portion of section 11.13(n), quoted above, deleted obsolete limitations on the percentage of exemption that could be allowed in the

years 1982 and after, and also added the following language to the end of the subsection:

> In addition to any other exemptions provided by this section, an individual is entitled to an exemption from taxation by a county education district of a percentage of the appraised value of his residence homestead if the exemption is adopted by the voters of the district at an election held in the district for that purpose under Section 20.946, Education Code. If the percentage set by voters produces an exemption in a tax year of less than $5,000 when applied to a particular residence homestead, the individual is entitled to an exemption of $5,000 of the appraised value. The percentage adopted by the voters may not exceed 20 percent.

Acts 1991, 72d Leg., ch. 20, § 19, 413 (Vernon's Sess. Law Serv.)

Thus, as amended in 1991, subsection (n) of section 11.13, provided for the adoption of CED homestead exemptions by public election. The referenced section 20.946 of the Education Code, added in the same 1991 bill amending subsection (n), provided for CEDs' ordering an election on the adoption of such exemption, and in the event that the exemption was not adopted at such election, for holding later elections on that issue upon the receipt of petitions signed by the required number of voters. *Id.* § 2, at 407. In our opinion, however, with respect to taxing units "other than a county education district," there was still no provision for a homestead exemption under the subsection being effected by an election. Such exemptions were still to be "adopted by the governing body."

In 1993, the legislature abolished CEDs. Acts 1993, 73d Leg., ch. 347, § 4.14, Vernon's Sess. Law Serv. 1481, 1528. The same bill generally deleted references in state law to CEDs, including the above-quoted sentence added to subsection (n) of Tax Code section 11.13 in 1991, and reading: "In addition to any other exemptions provided by this section, an individual is entitled to an exemption from taxation by a county education district . . . if the exemption is adopted by the voters of the district." *Id.* at 1527. The bill also deleted Education Code section 20.946, discussed above, providing for CEDs' adoption of the homestead exemption by election. *Id.* § 4.13, at 1528. However, the last two sentences of subsection (n), which had been added in the 1991 amendment, although they had been part of the 1991 addition pertaining to CEDs, were not deleted, and appear in both the 1993 session laws and Vernon's 1994 supplement as current law.

Although the last two sentences of subsection (n) remain on the books, we do not think they operate to provide for an election on a homestead exemption under the subsection for taxing units other than CEDs. We find nothing in the series of amendments outlined above or in their legislative history, which indicates that the last two sentences of subsection (n), adopted to apply to the now abolished CEDs, have come to apply to the adoption of homestead exemptions by other taxing units. In our opinion, there has never been and is not now any provision authorizing taxing units other than the now abolished CEDs to have an election on the adoption of the subsection (n) homestead exemption.

# S U M M A R Y

There is no provision for the adoption of homestead exemptions under section 11.13(n), Tax Code, by public election in a taxing unit. Said exemptions are adopted by action of the taxing unit's governing body.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General for Criminal Justice

JAVIER AGUILAR
Special Assistant Attorney General

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William M. Walker
Assistant Attorney General